(No. 14020.—Decree affirmed.)

JOHN E. JAMES, Defendant in Error, *vs.* MARGARET HAWKINS, Plaintiff in Error.

*Opinion filed October 22, 1921.*

1. WILLS—*rule in Shelley's case is absolute rule of law.* The rule in *Shelley's case* is not a rule of construction but is an absolute rule of law or of property which operates to defeat the intent of the testator.

2. SAME—*when the rule in Shelley's case applies.* The rule in *Shelley's case* applies to a devise of land to the testator's two daughters, "for and during the natural life of each, as tenants in common, one-half to each, with remainder over to the heirs of my said daughters, one-half to the heirs of each" in fee, and under such rule the life tenants will take the fee to the entire property instead of merely life estates.

3. SAME—*word "heirs" is presumed to have been used in technical sense.* In construing a will the words "heirs" and "issue" are to be given their technical meaning, unless, when the entire language of the will is considered, it is plain that the testator did not so intend; and there is a strong legal presumption that the word "heirs" is used in its technical sense, as denoting the whole of the indefinite line of inheritable succession.

4. DEEDS—*fact that land owner buys an adverse claim cannot be used to question his title.* The owner of real estate has the right to eliminate all questions as to his title and avoid litigation by obtaining a deed from an adverse claimant who may have no title whatever, and such act cannot be relied upon by a third party as a legal reason for questioning the title of the owner.

WRIT OF ERROR to the Circuit Court of McDonough county; the Hon. HARRY M. WAGGONER, Judge, presiding.

THOMAS H. MILLER, guardian *ad litem,* (WALLACE A. WALKER, of counsel,) for plaintiff in error.

LAWYER & HAINLINE, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

William C. Melvin died testate April 26, 1888, seized in fee simple of 58 acres of land in the northeast quarter of section 33, township 7, north, range 2, west, in McDonough county, Illinois, and other land. His will was duly probated in said county, the tenth clause of which is in the following words and figures, to-wit:

*"Item Tenth*—I hereby give, devise and bequeath unto my beloved daughters, Elma V. Melvin and Minnie P. Melvin, for and during the natural life of each, as tenants in common, one-half to each, with remainder over to the heirs of my said daughters, one-half to the heirs of each of said daughters in fee, the *following* described real estate and appurtenances thereunto belonging, to-wit: One hundred and fourteen and one-half acres in section thirty-three (33), in township seven (7), north, in range two (2), west, in McDonough county, Illinois, as conveyed by Abner D. Foster and wife to me by deed dated February 14, 1877, and recorded in volume 40 of deeds, on page 525."

Melvin's daughter Elma V. married James E. Weber. His other daughter, Minnie P., married one Hites, who died, and thereafter she married Alonzo B. Hawkins. On August 14, 1896, Elma V. Weber and Minnie P. Hites exchanged deeds, by which they partitioned the premises devised to them by the tenth clause of the will of the testator. On October 5, 1898, Minnie P. Hawkins by warranty deed sold and conveyed her portion of the premises to her sister, Elma V. Weber, for $3600. On November 20, 1901,

Elma V. Weber joined her husband in a warranty deed to John E. James, defendant in error, for a consideration of $4060, and by this deed she conveyed in fee the premises. James on May 4, 1920, filed his bill in the circuit court of said county against Margaret Hawkins, Minnie P. Hawkins, Elma V. Weber and Harry G. Weber, setting up the foregoing facts and praying that a guardian *ad litem* be appointed for the minor defendant, Margaret Hawkins, and that a decree may be entered construing the will of William C. Melvin, deceased, as to the estate vested in his two daughters by the tenth clause of his will; that the title may be established, confirmed and quieted, and that the defendants may be enjoined from claiming any right, title or interest in and to the premises. On a hearing the court entered a decree construing the will of the testator as devising to said two daughters a fee simple title under the rule in *Shelley's case,* and complainant's title was quieted and established as a fee simple title and the other relief granted as prayed by the bill. Margaret Hawkins, the minor daughter of Minnie P. Hawkins, has sued out this writ of error.

The only question for decision in this court is whether or not by the tenth clause of the testator's will the two daughters were devised a fee simple title to the premises therein described under the rule in *Shelley's case.* This rule is well known to the legal profession in this State and has been so frequently discussed in the decisions of this court as to not require further elaboration in this opinion. Simply stated, it is a rule that deals with the legal effect of limitations to one or more persons for life with a remainder to the heirs of such person or persons or to the heirs of their body. Where a remainder is thus limited to the heirs of such person or persons he or they will take a fee simple title under said rule. The rule is not one of construction but is an absolute rule of law or of property which operates to defeat the intent of the testator. (Kales on Future Interests,—2d ed.—sec. 441; *Winter* v. *Dibble,*

251 Ill. 200; *Ewing* v. *Barnes,* 156 id. 61; *Deemer* v. *Kessinger,* 206 id. 57.) It is clear that under this rule the daughters, under the tenth clause of their father's will, took a fee simple title to the premises in question, and that by the foregoing deeds defendant in error took a fee simple title to said tract.

It is conceded by the attorney for the plaintiff in error that the decree of the circuit court is correct unless the testator by the use of the word "heirs" meant children in the tenth clause of his will. It is argued that a consideration of the ninth clause of the will, the tenth clause and the codicil to the will together makes it clear that by the word "heirs" in the tenth clause of the will the testator meant children. We have examined carefully both of said clauses of the will and the codicil and find no sufficient reason for such conclusion. It is positively stated by counsel for defendant in error that the testator, or at least the party who drew the will for him, knew the law with reference to what the testator desired to do with his property and used the terms in his will discriminatingly and understandingly. We concur in this view, and the fact that the testator or his scrivener did understand the meaning of all the terms he used in his will furnishes a strong reason for holding that he meant exactly what he said in the tenth clause of his will, and if he had not meant exactly what is expressed by this clause he would have explained by further language his intention. The words "heirs" and "issue" are to be given their technical meaning when found in a will, unless, when the entire language of the will is considered, it is plain that the testator did not so intend. There is a strong legal presumption that the word "heirs," when found in a will, is used in its technical sense and as denoting the whole of the indefinite line of inheritable succession, when a construction is being made of such will. *Carpenter* v. *Hubbard,* 263 Ill. 571; *Stisser* v. *Stisser,* 235 id. 207.

In the decision of this case the fact that the defendant in error paid Harry G. Weber, the only son of Elma V. Weber, the sum of $100 for a deed to the premises in question has no material bearing upon the issues in this case. The owner of any piece of real estate has the right to eliminate all questions as to his title by buying peace and paying any party for a deed to his property who may have no title whatever thereto in order to avoid litigation, and such an act cannot be used by a third party as a legal reason for questioning the title of the vendee. Such deeds are often taken and paid for with the sole view to avoid litigation, and in many instances it has proved to be much more economical than litigation.

The decree of the circuit court is affirmed.

*Decree affirmed.*

---

(No. 14030.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM BULLION, Plaintiff in Error.

*Opinion filed October 22, 1921.*